UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRY DAVID GALLARDO,                )
                                     )
            Plaintiff,               )
                                     )
        v.                           )   Civil Action No. 1:20-cv-00325 (UNA)
                                     )
DONALD J. TRUMP, et al.,             )
                                     )
            Defendants.              )

# MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application and dismiss the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiff, a federal prisoner designated to Gilmer Federal Correctional Institution, located in Glenville, West Virginia, files this suit against the current President of the United States, "Jared Kushner (President's Advisor) [,] [and] Rosalind Sargent-Burns (Pardon Attorney)." He purports to bring this action for non-specific constitutional violations and seeks monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and he also demands "declaratory judgment [] and mandamus relief." More specifically, he alleges that defendants committed treason and impeded on his liberty by refusing to grant him clemency by way of Presidential pardon or to respond expeditiously to such requests. He also broadly alleges defects with his underlying criminal prosecution and conviction and requests that this court "order Defendants to order the United States Attorney, Western District of Texas, San Antonio Division, to submit to the District Court there to vacate [his] 'void' convictions."

First, this court is without the authority to direct the President of the United States to grant, process, or even consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control").

Second, to the extent that he seeks an order to overturn his conviction, he may not to do so in this court. His claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Plaintiff must bring his claims before the United States District Court for the Western District of Texas.

Third, plaintiff may not seek damages under *Bivens*. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been

expanded to reach § *Bivens* claims. *See generally Bivens*, 403 U.S. at 388; *see also Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam). Therefore, because plaintiff was found guilty and because the verdicts have not been set aside, plaintiff cannot recover damages for the overbroad constitutional claims raised in this complaint.

Finally, a lawsuit against a government official in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations omitted). The United States possesses sovereign immunity from suit against itself for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Plaintiff has not established that the government has expressly consented to damages suit. Such waiver is required, regardless of whether such actions are brought against a government agency directly or against the officials in their official capacity. *Clark v. Library of Congress*, 750 F.2d 89, 103, 104, n.31 (D.C. Cir. 1984).

The complaint fails to state a claim or set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. Therefore, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: 3/5/20

United States District Judge